R. P. SAWYERS *v.* H. N. SMITH.

1. PROCESS: RETURN OF, EXECUTED.—A return of executed on an original writ is insufficient to justify a judgment against the defendant.
2. ANCILLARY ATTACHMENTS: APPEARANCE TO, AN APPEARANCE TO ORIGINAL SUIT.—An appearance and traverse of the causes for which an ancillary attachment is sued out, is an appearance to the original suit, and will cure the insufficient service of the original writ.

3. ATTACHMENT WITHOUT A WRIT, VOID.—A proceeding by attachment, without the writ of attachment, is void, and the traverse of the causes alleged in the affidavit for the suing out of the writ, will not cure the defect.

4. ANCILLARY ATTACHMENTS: APPEARANCE TO, WHEN PROCEEDINGS VOID, NOT AN APPEARANCE TO ORIGINAL SUIT.—A proceeding by ancillary attachment, without any writ of attachment, is void, and a traverse of the causes alleged in the affidavit for the suing out of the writ, is not an appearance to the original suit.

ERROR to the Circuit Court of Tishamingo county. Hon. W. H. Kilpatrick, judge.

*W. P. Harris* for plaintiff in error.

*Arnold, Hill* and *Allen*, for defendant in error.

HANDY, C. J., delivered the opinion of the court.

This was an action on a bill single for the sum of $630.75, in which a judgment by default was rendered against the plaintiff in error, the defendant in the court below.

The error assigned is, that the return of service of the original writ is insufficient to justify that judgment; and this is manifestly true as the case stood on the original transcript of the record filed in this court. It was so treated by the counsel for the defendant in error, who sought to obviate the insufficiency of the return by showing that the defendant below actually appeared to the action. To this end he moved for and obtained a writ of *certiorari*, under which he brought up an amended record. This amended transcript shows an affidavit made by Smith, the plaintiff in this action, that the defendant was indebted to him in the sum of $630.75, then in suit in the aforesaid action, and that the defendant had disposed of his property, or some of it, with intent to defraud his creditors, and praying an attachment. It further contains the usual bond in such cases. This affidavit and bond were executed pending the original action, in April, 1861. It further shows that in January, 1862, the defendant filed a traverse to the allegation of the affidavit that he had disposed of any of his property with

intent to defraud his creditors; and that at September term, 1866, he moved to dismiss the proceedings in attachment for want of the writ of attachment, which was not of record; which motion was sustained.

It appears by the transcript of the original action, that the judgment by default therein was rendered at March term, 1866.

The question is, whether the appearance and traverse of the plaintiff in error to the affidavit in the attachment, amount to an appearance to the original action.

If the proceedings on the attachment had been regular and sufficient to call on him to answer the attachment, we are of opinion that his appearance and traverse would have been in law an appearance to the original action; for the statute provides that the " affidavit, bond and attachment, when returned, shall be filed with the papers in the original suit, and *constitute a part thereof.*" Rev. Code, 377, art. 13. And in such a case, he could not appear to such part of the suit, without having notice of, and becoming a party to, the original suit.

But here, it does not appear from the amended transcript that any writ of attachment was ever issued or returned. Such process was necessary to give validity to the proceeding on attachment, and to charge the party with any duties or responsibilities resulting therefrom. If no such writ was issued or returned, there was wanting the leading and essential process in the proceeding; the proceeding did not constitute a part of the record of the original suit; and his appearance, in any matter arising from the attachment, could not charge him as a party to the original suit. The attachment proceedings must be regarded as void for want of the writ which was indispensable to their validity. And it appears by the amended transcript that the attachment proceedings were finally dismissed for want of a writ of attachment.

We are, therefore, of opinion that the appearance and traverse of the affidavit were not in law an appearance to the original suit, and did not cure the insufficient service of the original writ.

The judgment must be reversed, and the cause remanded for further proceedings.