## David Barrow *v.* J. W. Burbridge & Co.

1. ATTACHMENT: MAY BE SUED OUT BY A NON-RESIDENT AGAINST A NON-RESIDENT.—Under the provisions of the attachment law of this State, an attachment may be sued out by a non-resident of the State of Mississippi against a non-resident.

2. SAME: EFFECT OF A PLEA TO THE MERITS.—If a defendant, against whom an attachment is sued out, but is not served with the writ, appears and pleads to the merits of the action, the judgment against him will have the same force and effect against his person and property as in other actions where a summons has been personally served.

3. SAME: NOTICE MUST STATE SUM FOR WHICH ATTACHMENT ISSUED: DEFECT CURED BY PLEA TO THE MERITS.—A notice to the defendant in an attachment, which does not state the amount for which the attachment was sued out, is insufficient. If the defendant plead to the action, it is a waiver of any sufficiency in the notice or of proof of the notice.

4. SAME: OBJECTIONS TO BOND MUST BE MADE IN THE COURT BELOW, OTHERWISE WILL NOT BE NOTICED HERE.—Objections to an attachment bond, which were not made in the court below, will not be considered by the High Court.

5. PRACTICE: HIGH COURT OF ERRORS AND APPEALS WILL NOT NOTICE QUESTIONS PRESENTED HERE FOR FIRST TIME.—The High Court of Errors and Appeals will not decide questions that are not presented to and passed upon by the courts below.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

*Work* for plaintiff in error, contended:

1. That the courts of Mississippi had no jurisdiction of an attachment sued out by and against residents of other States. Hosey *v.* Ferrier, 1 S. & M. 664.

The present Code does not extend the remedy by attachment to non-residents against non-residents.

It is against the policy of Mississippi for her courts to be the forum for the settlement of controversies between citizens of other States.

2. That the notice to the defendant in the attachment is in-

sufficient in not stating the sum for which the attachment was sued out. Revised Code, 378, article 19.

The plea of the defendant does not affect the sufficiency of the notice. Article 20, p. 379, of Code is substantially the same as art. 43, p. 820, of Hutchinson's Code; and it has been decided by this court that the plea of the defendant does not change the nature of the proceeding from one *in rem* to one *in personam.* Phipps *v* Hines, 33 Miss. R. 164.

3. The notes sued on were made in June, 1862, at New Orleans, and were payable in 1863. The presumption is, they were payable in Confederate money, and yet the judgment was for the full amount of the notes and interest. The plaintiffs having elected to sue in the courts of Mississippi, must be governed by the laws of the forum. Acts of 1866–7, page 373; Constitution of 1865; 2 Parsons on Contracts, 100; 8 Peters, 361; 6 Peters, 202; 4 Johnson, 288.

*Johnston & Johnston* for defendants in error, contended :

1. That the case of *Hosey* v. *Ferriere*, 1 S. & M. 663, is not applicable. That the attachment law is now very different from that which was in force when that decision was made. The law, as it then stood, restricted proceedings by attachment to creditors *who were citizens of the State of Mississippi.* Hutch. Code, sec. 11, page 802.

The question is settled in the case of *Beer* v. *Hooper*, 32 Miss. 246.

2. That though the notice to defendant be defective, yet his appearance and plea of the general issue cures the defect, *Richards* v. *Money*, 29 Miss. 357 ; *Stevens* v. *Ruher*, 1 How. 522; *Young* v. *Rankin*, 4 ib. 27.

3. The other assignments of error were not made in the court below, and hence will not be noticed in this court. *Coleman* v. *Lamar*, 40 Miss. 778 ; *Fondrea* v. *Durfree*, 39 ib. 334; ib. 574.

SHACKELFORD, C. J., delivered the opinion of the court.

This suit was commenced by attachment in the Circuit Court for the Second District of Hinds county.

The affidavit, bond, and attachment are set out in the record. All appear to be regular, and in conformity with the requisitions of the statute.

There is also a bill of exceptions signed by the judge below, setting out therein that the court had overruled " defendant's motion to quash the attachment and dismiss the case."

The clerk certifies in the record that there was no motion made upon the motion docket of the court, and that nothing appears of record in the case that there ever was a motion made to quash said attachment.

There was a plea of the general issue filed in the case—jury and verdict and judgment.

To reverse this judgment, this writ of error is prosecuted.

The first ground of error assigned is that " the court had no jurisdiction, both plaintiff and defendant being resident citizens of the State of Louisiana, and the court below should have dismissed the case."

This ground of error, so far as we are advised by the record, may have been waived, or not raised, by plaintiff in error, in the court below.

There is nothing in the record to show what ground, if any, was taken to quash the attachment, as there is no motion to quash, and no evidence of there ever having been a motion to quash, except the recital in the bill of exceptions, that " the defendant moved the court to quash the attachment and dismiss the case, which motion was by the court overruled."

Nothing else is set out in the bill of exceptions. But inasmuch as it appears in the record that plaintiff and defendant were non-residents, we will consider this assignment of error.

Counsel for the plaintiff in error cited the case of *Hosey* v. *Ferriere*, 1 S. & M. 664, and insists that the question settled by the court in that case is in favor of the position assumed by him in this assignment of error.

In *Hosey* v. *Ferriere*, the court say : " The 11th section of the statute, which relates to absconding debtors, does not, especially when taken in connection with the 12th, confine the right to proceed to citizens of this State, but seems to extend it

David Barrow *v.* J. W. Burbridge & Co.

equally to all. But the 16th section, which regulates the proceedings against non-resident defendants, expressly limits the right to residents of the State."

Without this express limitation " to citizens of the State " in the statute, the court would have decided the attachment properly sued out, jurisdiction retained, and the motion to quash overruled.

The remedy by attachment was extended, after the decision of the case of *Hosey* v. *Ferriere,* by act of 3d March, 1848, to *non-residents* against the estates of *non-residents.* Article 17, Hutch. Code, p. 823.

Under this statute the attachment in the case of *Beer* v. *Hooper,* 22 Miss. Rep., p. 246, was sued out : which is cited and relied upon by counsel for the defendants in error, as settling the question presented in this assignment of error in favor of the defendants in error.

This latter case cannot settle any question arising under an attachment in this case now under consideration, as the right was expressly given by the statute of 1848 to non-residents to sue out an attachment against a non-resident.

The validity of the attachment in this case has to be tested by the revised statute of the attachment law in the Revised Code of 1857.

Attachment law, article 1, of Revised Code, p. 372, provides that "the remedy by attachment shall apply to actions or demands, founded upon any indebtedness," &c.

Article 2, of same act, is in these words : " The creditor, his agent or attorney, &c., shall make oath," &c., to one of the following particulars, to wit :

1st. That the defendant is a non-resident of the State, &c.

In the use of the language " the creditor," it seems to us the distinguished codifiers intended to give the remedy of attachment to all creditors, residents as well as non-residents, of the State of Mississippi.

If this was not the intention of the codifiers and the legislature, they could have easily limited the right to resident creditors against non-resident debtors. Seeing proper not to

limit the remedy by specific words, it follows that the statute was intended to extend the remedy to all creditors.

The attachment law now stands as it did before the express limitation of the right to sue out an attachment against a non-resident debtor was given by statute to a *resident creditor*.

There is nowhere in the revised acts of the attachment law any specification, in so many words, what creditor shall have his remedy by attachment.

We are, in giving this construction to the attachment laws of 1857, Revised Code, only following the clear intimation, in the opinion of the learned judge who delivered the opinion of the court in the case of *Hosey* v. *Ferriere*, that in the absence of specific legislation limiting the remedy as stated, the attachment would have been sustained by this court in that case.

We are required to give a liberal construction to this act, for the advancement of justice and the benefit of creditors.

If the ground urged below to quash the attachment was the same as contended for here, we think the court below did not err in overruling the motion to quash.

The second assignment of error is, that " the court below could not give judgment only to sell the land."

The plaintiff in error appeared by his attorneys and plead the general issue to the declaration filed by defendants in error, on the notes of plaintiff in error, constituting the indebtedness claimed to be due defendants in error, mentioned in their affidavit. Issue was joined, the case submitted to a jury on the merits, and verdict for defendants in error for the amount claimed in the declaration.

Counsel for plaintiff in error states that §4, Hutch. Code, p. 820, is substantially the same as article 20 of the attachment law in Revised Code, 1857, p. 379, and insists that the decision in *Phipps* v. *Hines and Wife*, 33 Miss., p. 164, wherein the court places a construction upon article 4, Hutch. Code, p. 820, should govern the court in the disposition of this assignment of error.

It is true, as stated by counsel, that these articles are substantially the same, with this difference to be found in article 20, p. 379, of the Revised Code, to wit: " In case the defendant

David Barrow *v.* J. W. Burbridge & Co.

shall have been personally summoned, or shall appear and plead to the action, the judgment *then* shall have the same force and effect against the *person* and property of the defendant as in other actions where a summons has been personally served upon him."

The judgment of the court as set out in the record, upon the verdict of the jury, is in strict conformity with the provisions of article 20, p. 379, of the Code of 1857, being both a judgment *in rem* and *in personam.*

There is nothing in this assignment.

The third ground for assignment of error is, that "the notice is insufficient, in not stating the sum for which the attachment issued."

The notice is defective to the extent stated in this assignment of error. At all events it seems to have had the desired effect; it brought the plaintiff into court by his counsel, who moved to quash the attachment, and failing in this, he plead the general issue to the complaint filed by defendants in error in the case.

The plaintiff in error, by his course, waived all defects in the notice, and deprived himself of the right to avail himself here of any advantage he might have had, had he not appeared in the case, in the court below. This assignment is not well taken.

The fourth assignment of error is, "the proof of notice is insufficient."

It is too late to take any exceptions to the sufficiency of the proof of publication; plaintiff has waived all objections by pleading, &c.

There is nothing in this assignment of error.

The fifth assignment of error is, "that the bond is not sealed, and the securities do not reside in Mississippi."

The bond appearing in the record is properly sealed.

If the bond was defective for either of the reasons here assigned, plaintiff in error should have made his objections in the court below.

This assignment of error is not well taken.

The sixth and last ground of error is, "the judgment could only be given for the value of Confederate money."

The plaintiff in error had an opportunity to make whatever defence he had to the consideration of the notes sued on, when the case was submitted to the jury; having failed to avail himself of this defence (for there is nothing in the record showing that he offered any testimony to establish the fact alleged here, that the notes were to be payable in Confederate money), his neglect cannot avail him anything here.

Let the judgment be affirmed.