### JOE M. SAM V. HOCHSTADLER BROS.

#### No. 2855.

1. **Service of Citation Upon Nonresident.**— Service of citation was made in New York upon a resident of that city. An attachment was sued out and levied. The defendant appeared and moved to set aside the attachment, which motion was successful. *Held*, that such appearance put defendant in court for all purposes, at least at the succeeding term of the court.

2. **Case Adhered to.**—York v. The State, 73 Texas, 652, adhered to.

3. **Former Adjudication.**—That a former appeal was taken in the case not involving the construction of article 1243, Revised Statutes, wherein the service was held defective, does not conclude the question when raised against the action of the court below in dismissing the case for want of jurisdiction upon the abatement of the attachment proceedings.

APPEAL from Harris. Tried below before Hon. James Masterson.

Suit by appellant, filed on the 7th of August, 1887, upon and for breach of a contract, dated October 10, 1885. The residence of appellees is alleged to be in the State of New York, and notices were served on them in that State under article 1230 of the Revised Statutes. An attachment was sued out and the writ levied upon property in Harris County, but as the question does not arise on this appeal it is unnecessary to further notice it.

At the October Term, 1887, the defendants filed a motion to quash the service on a plea in abatement, setting forth that they did not appear for the purpose of submitting themselves to the jurisdiction of the court, but only for the purposes of the plea, and that they, nor either of them, had ever been served with citations in this cause in the State of Texas, nor within the jurisdiction of any court in this State, and that no citation valid or sufficient in law to require them to answer or to give this court jurisdiction has ever been made on them or either of them, and that they had never accepted service; they were each citizens and residents of New York at all times, and not within the jurisdiction of this court, and that the attachment sued out was irregular, etc.

The pleas were heard October 8 and sustained, the court holding there was no valid citation, and the cause was adjudged to stand as if no citation had been issued and served, and the cause was continued until service of citation within the State of Texas, or until property of defendants is seized and brought within the jurisdiction of this court.

At the November Term, 1887, the cause was continued, and defendants allowed until the first day of the next term to answer.

On March 5, 1888, the defendants answered, filing, first, general and special demurrers, and general denial and pleas in bar.

At the March Term, 1888, the cause was again continued upon the application of the defendants.

On October 15, 1888, the defendants filed their first amended original answer with leave, and on the 19th of November, 1888, there was a judgment for $600.

There was motion for a new trial overruled, and an appeal by defendants, which appeal was heard by the Supreme Court at its last Galveston Term, and in its opinion the facts of the case are discussed and the attachment part of the proceedings passed upon, and the cause reversed and remanded.   73 Texas, 315.

At the October Term, 1889 (October 7), the cause again coming on for trial, without any further service on defendants, the court, upon plaintiff declining to continue for further process, dismissed the cause and rendered judgment against the plaintiff for costs, to which judgment plaintiff excepted and gave notice of appeal.

When the case was before the court on the former appeal the question now before the court as to whether the appearance made by defendants in their motions, pleas, answers, and conduct of the case by continuing, etc., was not before the court and was not discussed.

*W. P. Hamblen,* for appellant.—1.   The appearance to quash the attachment put defendants in court.   York v. The State, 73 Texas, 315.

2.   As long as a case is open for final decision the court will decide it according to the law without reference to former opinions, especially so when the opinion was not upon the merits, and where there was no brief or argument of counsel.   Griffin v. Chubb, 7 Texas, 610; Sydnor v. Gascoigne, 11 Texas, 455; White v. Downs, 40 Texas, 225.

*Jones & Garnett,* for appellees.—1.   The court below only adopted and obeyed the decision and order of this court, made in its decision at the last term of the court.   The records of this court in this case disclose the fact that upon the decision in this case being made by this court at its last term, the appellant here acquiesced in the decision, and made no motion for a rehearing.   Frankland v. Cassidy, 62 Texas, 418; Holmes v. Coryell, 58 Texas, 685; Burns v. Ledbetter, 56 Texas, 282; Davenport v. Kleinschmidt, 20 Pac. Rep., 823.

2.   Where the Supreme Court has decided a question in a particular case, it is the law of that case through all subsequent proceedings, and can not be again reviewed, even though the decision may appear to have been erroneous, except in rare instances.

COLLARD, JUDGE.—When this case was before the court on former appeal the only question then presented and discussed was the one of attachment and jurisdiction obtained by the levy and seizure thereunder. The attachment failing, it was held that the jurisdiction depending thereon failed, and the cause was reversed and remanded.

It now appears that defendants below appeared by motion to quash the service on them made in New York, at the October Term of the court, 1887; that the motion was heard and sustained by the court, and the cause continued, and defendants allowed until the next term to answer; that at the March Term, 1888, the defendants answered by demurrers and general denial, when they continued the cause. At the October Term, 1888, there was judgment for plaintiff for $600, when it was appealed and reversed because, as before stated, the attachment failed.

Now other questions are presented by the record, and it is claimed that defendants having appeared to quash the service were in court for all purposes, at least at the next succeeding term of the court thereafter.

The court below took the opposite view of the case, and dismissed the case upon refusal of plaintiff to continue for service.

The point raised has recently been decided by the Supreme Court, holding that under such circumstances the defendants, under article 1243 of the Revised Statutes, are deemed to have appeared at the next term of the court after the motion to quash service was sustained. York v. The State, 73 Texas, 652.

This question was not involved in the former appeal and was not decided. The law is settled against appellee, and the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 18, 1890.