ARNOLD v. PIKE. (No. 1038.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 10, 1917.)

1. APPEARANCE ⟨key⟩9(7)—WHAT CONSTITUTES —ABATEMENT OF ATTACHMENT PROCEEDINGS —"ANSWER."

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1882, providing that any answer filed constitutes an appearance, as all defensive pleadings are properly styled "the answer," and any motion or plea calling on the court to exercise its jurisdiction is a general appearance, a plea in abatement of an original attachment proceeding brought under article 240 against a nonresident, raising an issue as to the authority of plaintiff's agent to execute the bond, was as much a part of defendant's answer as if filed to that part of the suit seeking to establish the debt itself, and constituted an appearance which authorized a personal judgment against defendant.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 51; Dec. Dig. ⟨key⟩9(7).

For other definitions, see Words and Phrases, First and Second Series, Answer.]

2. ATTACHMENT ⟨key⟩204—PROCEEDINGS—EVIDENCE.

An original attachment proceeding against a nonresident, under Vernon's Sayles' Ann. Civ. St. 1914, art. 240, is not merely an ancillary proceeding, but is issued with a view to obtaining service for the purposes of a judgment in rem, and before plaintiff is entitled to such a judgment he must not only establish his debt, but prove the attachment lien.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 659-663; Dec. Dig. ⟨key⟩204.]

Appeal from Wheeler County Court; M. M. Miller, Judge.

Action by T. N. Pike against Lewis Arnold. Judgment for plaintiff, and defendant appeals. Affirmed.

H. B. Hill and J. B. Clark, both of Shamrock, for appellant.

HALL, J. [1, 2] Appellee Pike sued appellant on a promissory note for $600. In the original petition it is alleged that appellant is a resident citizen of the state of Illinois, and an attachment writ was sued out and levied upon certain property situate in Wheeler county, alleged to belong to appellant. At the November term, 1915, of the county court of Wheeler county, appellant filed a "motion to quash the attachment," because of defects in the affidavit, bond, and writ, and because the officer making the levy levied upon real property "when there was personal property belonging to the defendant subject to such levy." No evidence was introduced upon this issue. It is stated in the motion that "defendant, by his attorneys, makes his appearance for the purpose of presenting the motion to quash the attachment and for this purpose only." Upon the same day appellant filed two "pleas in abatement." By the first he seeks to abate the attachment proceeding because the affidavit for attachment shows that it was made by an agent, and fails to show that the agent had written authority for making it, and in the plea "denies that W. F. Detherage, who purports to be the agent of the plaintiff, has authority from the plaintiff to execute the said affidavit herein, and demands strict proof of the same." Evidence was introduced and heard by the court upon this issue of fact.

The second plea in abatement attacks the sufficiency of the bond, in that it is signed by a supposed agent, and fails to show any authority on the part of the agent to execute said bond, and raises the same issue of fact as is raised in the first plea by denying the authority of Detherage to execute the bond for plaintiff. Evidence was also introduced upon this issue of fact. It appears that a notice to serve nonresident defendant was issued, but the return of the party who attempted to serve it is defective. No motion was made in the court below to quash this service, and the return itself has not been amended. Any answer filed constitutes an appearance even without the service of a citation. Vernon's Sayles' Civil Statutes, art. 1882. If appellant had simply moved to quash the attachment proceedings there is some question, under the decisions of this state, whether such motion should be held a general appearance. Sam v. Hochstadler, 76 Tex. 162, 13 S. W. 535; Hochstadler et al. v. Sam, 73 Tex. 315, 11 S. W. 408.

In the case of McLain v. McCollum & Frazier, 72 S. W. 1027, McLain filed a plea of privilege, alleging his residence to be in Nacogdoches county, but in the same pleading invoked the jurisdiction of the court, seeking to quash a writ of sequestration. James, Chief Justice, said:

"It will be observed that in this pleading which sets up his privilege, he also invokes the jurisdiction of the court to determine something else than the question of his right to be sued in Nacogdoches county, viz. the sufficiency of the writ of sequestration. He not only invoked, but procured, action of the court upon this matter by having the writ quashed. This was sufficient to give jurisdiction over him for all purposes."

The record shows that the attachment in the instant case was quashed. In view of the conflict and uncertainty in the decisions, we do not hold that a mere motion by a nonresident to quash an attachment, by reason of infirmity or insufficiency appearing upon the face of the proceedings, would constitute an appearance for all purposes, though it is held in other jurisdictions that such a motion amounts to a general appearance. Straus v. Weil, 5 Cold. (Tenn.) 120; Withers v. Rodgers, 24 Mo. 340; Sawyers v. Smith, 41 Miss. 554; Barrow v. Burbridge, 41 Miss. 622; Wood v. Furtick, 16 Misc. Rep. 289, 39 N. Y. Supp. 173.

We think the denial by appellant of the authority of the agent Detherage to make the affidavit and to execute the bond was a defensive pleading raising an issue of fact. This being a suit against a nonresident, the attachment was not merely an ancillary proceeding, but, as required by V. S. Civ. St. art. 240, was issued with the view of obtaining service for the purposes of a judgment in rem. Before plaintiff would have been entitled to such a judgment he would not only have been required to establish his debt, but also to prove the attachment lien. In order to defeat the attachment part of the action, the pleas in abatement were interposed and the issues of fact presented. The rule is that any motion or plea calling on the court to exercise its jurisdiction is a general appearance. 2 Stand. Proc. 491, 493. The rule is announced in this state that all defensive pleadings are a part of and are properly styled "the answer." York v. State, 73 Tex. 651, 11 S. W. 869; Fairbanks & Co. v. Blum, 2 Tex. Civ. App. 479, 21 S. W. 1009; Grizzard v. Brown, 2 Tex. Civ. App. 584, 22 S. W. 252; Townes Texas Pleading (2d Ed.) 444, 445. In our opinion, a plea in abatement of the attachment proceedings in a suit against a nonresident defendant, or under the Texas system of pleading, is as much a part of the defendant's answer as if a defense had been filed to that part of the suit seeking to establish the debt itself, and by such pleas, appellant having presented issues of fact thereby made himself a party to the suit, and the court was authorized to render a personal judgment against him.

The judgment is therefore affirmed.

BOYCE, J., not sitting.