## ROBERTS v. BLUDWORTH et al.
## (No. 7773.)

Court of Civil Appeals of Texas. San Antonio.
May 4, 1927.

1. **Dismissal and nonsuit** ⬤⇒25—**Refusal to dismiss suit to recover deposit as against defendants seeking venue change, who were entitled to deposit if plaintiff breached contract, held not error.**

Where forfeit money was deposited in escrow to be returned to plaintiff if defendants breached contract involving land deal, and if plaintiff breached defendants were entitled to it, in plaintiff's suit against the stakeholder to recover the deposit, where stakeholder answered and paid the money into court, it was not error to refuse to dismiss suit as against defendants filing plea of privilege to be sued in county of their residence.

2. **Interpleader** ⬤⇒6—**In suit to recover deposit of forfeit money held in escrow, stakeholder may tender money into court and relieve itself of responsibility.**

In suit against stakeholder to recover a deposit of forfeit money in a land deal, it is proper for it to answer and tender the money into court and relieve itself of further responsibility.

3. **Venue** ⬤⇒22(3)—**In suit to recover deposit of forfeit money held in escrow, stakeholder was a necessary party as respects venue.**

In suit to recover deposit of forfeit money held in escrow in land deal between plaintiff and defendants, the stakeholder was a necessary party as respects venue.

4. **Venue** ⬤⇒32(2) — **Defendants' appearance asking affirmative relief, in suit to recover forfeit, held waiver of privilege to be sued in county of their residence.**

Where, in suit to recover deposit of forfeit money in land deal held in escrow, where stakeholder was a necessary party and had its domicile in county of venue, appearance of nonresident defendants seeking affirmative relief *held* waiver of their privilege to be sued in county of their residence.

5. **Venue** ⬤⇒22(3)—**Suit to recover money deposited in escrow, brought in county of residence of stakeholder, held instituted in proper county.**

Suit to recover deposit of forfeit money in land deal held in escrow, brought in county of residence of stakeholder and where money to be litigated over was deposited, *held* instituted in proper county.

Appeal from Nueces County Court; Nat Benton, Judge.

Action by John W. Roberts against H. W. Bludworth and others. From a judgment sustaining plea of privilege of named defendant and defendant George F. Williams, plaintiff appeals. Reversed and remanded for trial on merits.

Davis & Wright, of San Antonio, and E. B. Ward and S. E. Dyer, both of Corpus Christi, for appellant.

E. H. Crenshaw, Jr., of Kingsville, and Kleberg & North, of Corpus Christi, for appellees.

COBBS, J. Appellant instituted this suit in the county court of Nueces county against H. W. Bludworth and George F. Williams, residents of Kleberg county, and the Guaranty Title Company of Corpus Christi, the latter having its only domicile in Nueces county, Tex., to recover a deposit of forfeit money held by the Guaranty Title Company, as stakeholder, in a land deal between the wife of appellant and Bludworth and Williams.

The Guaranty Title Company answered on January 15, 1927, tendering the money into court, and asked for affirmative relief. On January 15, 1927, defendants, Bludworth and Williams, filed a plea of privilege to be sued in Kleberg county. On January 17, 1927, Bludworth and Williams answered by general demurrer, plea in abatement, and a general denial, and asked for affirmative relief.

Appellant filed affidavit controverting the plea of privilege, alleging that the Guaranty Title Company had its domicile in Nueces county and was a necessary and proper party to the suit.

In open court on the day set for hearing on the plea of privilege, January 22, 1927, before a hearing on the plea of privilege, appellant moved to dismiss the defendants Bludworth and Williams from the suit. Counsel for defendants, Bludworth and Williams, protested to the court against the dismissal, and the court overruled the motion to dismiss Bludworth and Williams. On hearing the plea of privilege the court ordered the whole cause transferred to Kleberg county. To which rulings of the court appellant then and there excepted, and, subsequently, perfected his appeal to this court.

[1] It was not error to refuse to dismiss the suit as against Williams and Bludworth, because the sum of $500 was deposited in escrow under a contract which provided if appellant breached the contract Bludworth and Williams should be entitled to it, but if the latter breached the contract the money should be returned to appellant.

[2] The Guaranty Title Company was a gratuitous stakeholder, and it answered and tendered the money into court, thus relieving itself of any further responsibility, leaving the matter for the court within the scope of its equity powers to determine to whom the money should be paid. This is the usual and proper way for a stakeholder to do. It is a cost saving method as well as a speedy way to reach a settlement.

[3, 4] The Guaranty Title Company was a necessary party, for it held the funds and had its domicile in Nueces county. All neces-

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(295 S.W.)

sary parties and if the venue of the suit had not been in Nueces county Bludworth and Williams would have prevailed in all probability but for their appearance, shown to have been made by Bludworth and Williams asking affirmative relief, which operated as a waiver of their privilege to be sued in Kleberg county, the county of their residence. Mortgage Co. v. Briggs (Tex. Civ. App.) 41 S. W. 1039; St. L. & S. F. Ry. v. Kiser (Tex. Civ. App.) 136 S. W. 854; Baugh v. Baugh (Tex. Civ. App.) 175 S. W. 726; G., C. & S. F. Ry. v. Lemons, 109 Tex. 247, 206 S. W. 75, 5 A. L. R. 943; Grizzard v. Brown, 2 Tex. Civ. App. 584, 22 S. W. 252; York v. State, 73 Tex. 657, 11 S. W. 869; Sam v. Hochstadler, 76 Tex. 162, 13 S. W. 535.

The court sustained the plea of privilege and ordered the same transferred to Kleberg county for final trial and disposition.

[5] Since, as we have said, the suit was brought in Nueces county, the county of the residence of the stakeholder and where the money to be litigated over was deposited, the suit was therefore instituted in the proper county. Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287; Woolley v. Canyon Exch. Co. (Tex. Civ. App.) 159 S. W. 405; Johnston v. Luling (Tex. Civ. App.) 24 S. W. 996; Williams v. Wright, 20 Tex. 499; Templeman v. Gresham, 61 Tex. 50.

For the reasons stated, the judgment of the trial court on the plea of privilege is hereby reversed, and the cause is remanded for trial on its merits to the county court of Nueces county.