### BURWELL et al. v. SOUTHWEST CONST. CO. et al.

### No. 8962.

Court of Civil Appeals of Texas. San Antonio.

Dec. 21, 1932.

Rehearing Denied Jan. 25, 1933.

Willson & Cooper, of Cotulla, for appellants.

Boggess, La Crosse & Lowrey, of Del Rio, for appellees.

FLY, C. J.

This suit was brought by W. M. Burwell and C. B. Burwell, against the construction company, Robert L. Guyler, who conducts the affairs of the company, and La Salle county. The county had entered into a contract with the construction company to erect a courthouse and jail, on January 17, 1931. Guyler really owns the construction com-pany, and uses that name under which he obtains and executes contracts. His residence was in Del Rio, Val Verde county. On January 24, 1931, Guyler made a written proposal to the Burwells to employ them at the rate of $6 per day to work on the structures, and also to give them 25 per cent. of the net profits of the job. The proposition was accepted by appellants. It is stated in the letter that the 25 per cent. was to be in addition to the $6 per day, which should recompense W. M. Burwell and his father, C. B. Burwell, for services in procuring the contract for the construction company. The suit was for 25 per cent. of the profits, whether in money or in material, salvaged from the contract. It was alleged that the county still owed the construction company $1,500, which it had in hand. The county was ready and willing to pay the amount to the person designated by the court, and in reality made itself a stakeholder for the parties. Appellants had obtained a writ of injunction prohibiting the payment of the money, or any part thereof, by the county to any one except the one to whom it had been adjudicated. There being a dispute as to the ownership of the money, the commissioners' court ordered it held until the dispute had been decided. There was not and could not have been any money held except for the purpose of protecting the county against the contending claims. The tax assessor testified to that fact. The county of La Salle was not only a proper, but a necessary, party. A writ of garnishment could not be obtained and could not operate against the county.

The county was sued at its home, and, being a proper and necessary party, the suit was properly brought there. Roberts v. Bludworth, 295 S. W. 210, by this court; Commonwealth Bank & Trust Co. v. Heid Bros. (Tex. Com. App.) 52 S.W.(2d) 74. The money and the material were in La Salle county, one of the necessary parties was there, and the venue was properly laid in that county. Vernon's Ann. Civ. St. art. 1995, subd. 29a, which is construed in the Commonwealth Bank Case herein cited.

The judgment of the district court, changing the venue to Val Verde county, is reversed, the plea of privilege of the construction company is denied, and the cause will be remanded for trial to La Salle county.