THOMAS B. WOMACK ET AL. v. WATKINS L. SHELTON, ADM'R.

The court may obtain jurisdiction by service of process, acknowledgment of service, or voluntary appearance without service. (Paschal's Dig., Arts. 25, 1432, 1433, 1477, Notes 223, 544, 545, 573.)

As the third maker of the note had died, the payee was not forced to cite his legal representative, but the legal representative had a right to appear with the other defendants, and have the validity of the note adjudicated; and her voluntary appearance was a waiver of and dispensed with the necessity of a citation.

Where the defendants, by their answer, admitted the execution of the note, and took upon themselves to establish affirmatively the illegality of the note, in the same manner as if they had been plaintiffs, and had cited the payee of the note to appear and show cause why the note should not be canceled, the judgment could have been pleaded in bar to any suit that the payee might afterwards bring, had the decision of the court been adverse to the defendants.

By the act of 1856, (Paschal's Dig., Arts. 4646–4652,) upon the death of either husband or wife, the survivor is empowered "to manage, control, and dispose of the community property, and to sue and be sued with regard to the same," under certain circumstances. And where the widow appeared and pleaded, and asked that judgment should only be rendered against her

as surety, it is presumed that Mrs. Lane had complied with the require-
ments of the statute before she made her personal appearance in the cause,
especially as there is nothing in the record to show that she was not thus
authorized to act.

APPEAL from De Witt.    The case was tried before Hon.
J. J. HOLT, one of the district judges.

The facts are sufficiently set forth in the opinion of the
court.

*George P. Finlay*, for appellant.

*Mills & Tevis*, for appellee.

MORRILL, C. J.—Shelton instituted suit against Womack
and Adam, based upon a note executed by them and one
Lane, alleging the death of Lane as a cause why he was
not sued.

Ann Mary Lane voluntarily appeared and filed an
answer in the cause, to the effect that her husband, the
late S. W. Lane, deceased, signed the note sued on as
surety of Womack, and requested that the court would
order execution to be levied first upon the property of
Womack, before levy should be made upon the property
of herself.   Afterwards, and before the trial, Womack,
Adom, and Ann Mary Lane made and filed in the records
a joint answer, wherein they denied all and singular the
allegations of plaintiff, and of this they prayed judgment
of the court.   They also impeached the consideration of
the note as well as its legality.   The court rendered judg-
ment against the three, who brought this writ of error.
The errors assigned have been abandoned in this court,
and counsel verbally assign as error the judgment against
Lane, because she was not sued.

In order that a court may enter a legal judgment, it
must have jurisdiction both of the subject-matter and the
person.   Personal jurisdiction can be acquired by a cita-

xxxi—38

tion duly served on the party, or, in specified cases, by advertisement in a newspaper, or by the personal appearance of the party in court, without either actual or constructive notice. In the case at bar the payee of the note caused two of the makers of the note to be cited, and the question before the court was the legality of the note.

As the third maker of the note had died, the payee was not bound to cite his legal representative, but the legal representative had a right to appear, with the other defendants, and have the validity of the note adjudicated; and her voluntary appearance was a waiver of and dispensed with the necessity of a citation. The defendants, by their answer, admitted the execution of the note, and took upon themselves to establish affirmatively the illegality of the note, in the same manner as if they had been plaintiffs, and had cited the payee of the note to appear and show cause why the note should not be canceled. Had the decision of the court been adverse to defendants, the judgment could have been pleaded in bar to any suit that the payee might afterwards bring.

These observations are predicated upon the assumption that Mrs. Lane was the legal representative of her deceased husband, and had the legal power to appear in court and contest the questions at issue. By the act of 1856, (Paschal's Dig., Arts. 4646–4652,) upon the death of either husband or wife, the survivor is empowered "to manage, control, and dispose of the community property, and to sue and be sued with regard to the same," under certain circumstances. It is presumed that Mrs. Lane had complied with the requirements of the statute before she made her personal appearance in the cause, especially as there is nothing in the record to show that she was not thus authorized to act.

By her separate answer, filed in the cause upon her first appearance therein, she assumes to be personally liable to pay the note as surety of Womack. If the question raised

here had been at issue in the district court, it might be very questionable whether she would not be estopped by her pleadings, but as it is our province and duty to revise the apparent errors of the district court, because there are no errors apparent in the judgment of the district court, it is

AFFIRMED.