Opinion by
Hurt, J.

(Transferred from Austin.J

§ 844. Plea of privilege to be sued in precinct or county of residence, comes too late when the cause has been continued by consent. McDonald sued Blount in justice’s court. At the first term of the court after service had upon defendant, the cause was continued by consent of parties. At the next term of the court thereafter Blount pleaded that at the time of the institution of the suit he was a resident, and was still a resident, of San Augustine county, and was not subject to be sued in Hill county. This plea was excepted to by McDonald, and the exceptions were sustained and judgment rendered against Blount. He appealed to the county court, and in that court his plea of privilege was sustained, and the suit was dismissed. Held, that the county court erred in sustaining the plea. In Brumley v. Cooke, 13 Tex. 586, it was held that a motion to change the venue by defendant, and the same being changed by consent, operated to give jurisdiction over the person by consent. [See, also, Stephenson *299 v. R. R. Co. 42 Tex. 162; Womack v. Shelton, 31 Tex. 592; ante, § 237.] When a party appears in court and agrees that the cause may be continued, and in pursuance of such agreement the cause is continued, such appearance •will operate to give the court jurisdiction over the party so appearing. Suppose that, before the next term of the court, limitation would bar the cause of action, will the defendant be permitted to join in a continuance of the cause, and at the next term of the court be allowed to deny the jurisdiction of the court over his person, plead successfully his privilege, defeat the suit, and thus rid himself of the cause of action? We think not.
October 18, 1884.
Reversed and remanded.