UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD., v. LOWRY. (No. 6141.)

(Court of Civil Appeals of Texas. Austin. Jan. 28, 1920. Dissenting Opinion Jan. 31, 1920.)

MASTER AND SERVANT ⬤═396 — COUNTY IN WHICH SUIT TO SET ASIDE WORKMAN'S COMPENSATION AWARD IS BROUGHT MATTER OF VENUE ONLY.

Under Const. art. 5, § 8, giving the district courts jurisdiction over suits involving $500 or more and Workmen's Compensation Act, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), authorizing suits to set aside awards to be brought in a court of competent jurisdiction in county where injury occurred, the requirement that a suit to set aside an award be brought where the injury occurred is not jurisdictional, but relates only to the venue, and a suit brought in another county should not be dismissed, but, upon defendant's application, should be transferred to the county where the injury occurred.

Jenkins, J., dissenting.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Suit by the United States Fidelity & Guaranty Company of Baltimore, Md., against Mrs. J. S. Lowry. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

Hunt & Teagle, of Houston, and Seay & Seay, of Dallas, for appellant.

Wilkinson & McGaugh, of Brownwood, for appellee.

BRADY, J. Appellant brought this suit in the district court of Brown county, which was the county of the residence of Mrs. J. S. Lowry, appellee, to set aside an award of the Industrial Accident Board of Texas, in which Mrs. Lowry, as the beneficiary and widow of J. S. Lowry, was allowed compensation.

The appellant was the insurer of Tom Padgett Company, of Waco, Tex., which was a subscriber to the Employers' Liability Act. The award of the board was for more than $500, and the petition in this suit alleged that Mrs. Lowry resided in Brown county, and that the injury complained of was inflicted in that county. The suit to set aside the award of the board was filed within 20 days after the rendition of the final ruling and decision of the board; and on the date of the trial appellee filed an original answer, which contained a plea to the jurisdiction of the court. The substance of the plea was that the injury did not occur in Brown county, but that the injury and the death of her husband occurred in Coke county, and concluded with a prayer that the court dismiss the suit for want of jurisdiction. Appellant excepted to this plea, upon the ground that it was in effect a plea to the venue, and that, if well taken, the cause should not be dismissed, but transferred to the district court of Coke county. This exception was overruled, and the court heard evidence and made the finding, which seems undisputed, that appellee's husband met his death in Coke county. The appellant thereupon filed a motion that the cause be transferred to Coke county, which was overruled, and the trial court dismissed the case.

There was no claim that the suit was fraudulently brought in Brown county. It seems to have been due to the mistaken belief of appellant that the injury occurred in that county.

### Opinion.

This opinion will express the views of the majority of the court, Mr. Justice JENKINS having indicated his dissent from the conclusions reached. Because of our disagreement, the questions involved will be discussed with more elaboration than the majority would otherwise think necessary; but the writer will endeavor to confine the discussion within reasonable bounds, and to state the reasons for the conclusions of the majority as briefly as the importance of the question will permit, and to likewise limit the review of authorities.

The Workmen's Compensation Law (Acts 35th Leg. p. 283), in sections 5 and 5a, part 2 (Vernon's Ann. Civ. St. 1918 Supp. arts. 5246—44, 5246—45), provides procedure for the bringing of suits after an award has been made by the board. Section 5 provides that—

"Any interested party who is not willing, and does not consent to abide by the final ruling and decision of said board, shall within twenty days after the rendition of said final ruling and

decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice *bring suit in some court of competent jurisdiction in the county where the injury occurred* to set aside said final ruling and decision." (Italics ours.)

The section then provides that the board shall proceed no further towards the adjustment of the claim, and that the trial shall be de novo.

Section 5a provides that where the final decision of the board is against the association, and no suit is brought to set it aside, the claimant may bring suit in some court of competent jurisdiction where the injury occurred, upon the award, and if he secures judgment shall be entitled to damages and reasonable attorney's fees. It is also further provided by that section that if an award has been made against the association, requiring the payment to an injured employé, or his beneficiaries, of weekly or monthly payments, and the association should thereafter fail or refuse without justifiable cause to pay the installments, the employé or his beneficiaries shall have the right to mature the entire claim, and to institute suit in any court of competent jurisdiction to collect the full amount, with penalties and attorney's fees. It is further provided that suit may be brought, under the provisions of section 5a, either in the county where the accident occurred, or in any county where the claimants reside, or where one or more of such claimants may have his place of residence at the time of the institution of the suit.

It is obvious that the question arising from the ruling of the trial court is whether the provisions of section 5 of the Workmen's Compensation Act, relating to the place of bringing suit, is jurisdictional, or whether it merely prescribes the venue for the bringing of the suit. If the requirement that the suit shall be brought in the county where the injury occurred is jurisdictional, the trial court did not err in dismissing the suit for want of jurisdiction; but if the statute merely prescribes the venue, which might be waived by the defendant, when the suit is erroneously brought elsewhere than provided by the statute, then the court should not have dismissed the cause, but should have transferred it to the proper county, if that privilege was insisted upon by defendant.

The language of the act is of a mandatory nature, but we believe that it was the legislative intent, in requiring that the suit should be filed in some court of competent jurisdiction where the injury occurred, to do nothing more than to fix the venue of the suit in a particular county; and if the suit should be improperly brought in the wrong county, and a plea were filed thereto, it would be nothing more than a plea to the venue, requiring the case to be transferred to the county having proper venue, if the privilege should be insisted upon by the party making the plea. The language clearly recognizes the general jurisdiction of the courts, according to the amount in controversy of the particular action, and the statute does not attempt to prescribe jurisdiction of the subject-matter. The direction is that the suit shall be brought in "some court of competent jurisdiction," thus recognizing that the jurisdiction was already fixed by law. Where do we find the provisions of law for determining the jurisdiction of a particular case, arising under this statute? The answer is: In the Constitution. (We do not find, and we have been cited to no authority considering this particular provision, but similar questions have been before the courts frequently.)

In this case, suit was filed within the time prescribed by the statute, so that the sole question to be considered is whether the failure to file the suit in Coke county, where the accident to and death of the injured employé occurred, operated to deprive the district court of Brown county, where the suit was brought and where defendant resided, of jurisdiction of either the subject-matter, or person of the defendant.

The Constitution, article 5, section 8, provides that the district court shall have original jurisdiction of all suits, without regard to any distinction between law and equity, when the matter in controversy shall amount to $500, exclusive of interest. This jurisdiction is general in the district courts, and is coextensive with the limits of the state. Under the Constitution, then, before this statute provided the right to bring suit to set aside an award of the Industrial Accident Board, the potential jurisdiction of every district court in the state existed over the subject-matter. When the cause of action asserted in this suit, under the statute, arose, this jurisdiction became actual, and reposed in the district court of Brown county to the same extent as in that of Coke county. The instant the statute gave the right and the cause of action arose, actual jurisdiction attached over the subject-matter in every district court, by virtue, not of the statute, but of the Constitution itself. Under well-settled principles, the jurisdiction over the person also existed in each district court, unless, perhaps, restrained by statutory enactment. Granting the power, was it the intention of the Legislature, in passing this law, to deprive every court of competent jurisdiction of the subject-matter, of any jurisdiction over either the subject-matter or the person, except the district court where the accident occurred? We have been cited to no authority construing this particular provision, but the question is answered by the decisions of our courts upon similar questions, which will now be briefly reviewed.

In State v. Snyder, 66 Tex. 687, 18 S. W. 106, the suit was brought by the state against Snyder, a citizen of Williamson county, Tex.,

in the district court of Mitchell county, to cancel certain sales of public lands, and for damages. The defendant presented a plea to the jurisdiction, claiming that the suit was cognizable alone in the district court of Travis county, under the terms of the law authorizing the suit. The act (Acts 1883, p. 108) involved expressly declared that suit for the recovery of such lands "shall be brought in the district court of Travis county," and required the suit to be brought within 12 months after it took effect. Judge Stayton, delivering the opinion for the Supreme Court, said that the action was substantially one to try title to land, but, if not, the amounts alleged as the value of the land, rents, and damages, would give jurisdiction to a district court, as in any ordinary action between individuals. He then declared that the Constitution confers upon the district courts jurisdiction "of all suits for the trial of title to land," and also of suits where the amount in controversy is $500, exclusive of interest; that the jurisdiction of the subject-matter did not depend upon the statute; and that the act "determines the venue of actions to be instituted under it, but does not confer jurisdiction over the subject-matter; and under it, if no objection be made in proper time and manner by defendant, a suit might be instituted and maintained by the state in Mitchell or any other county in the state for more than 25 sections of land. District courts, under the Constitution, having jurisdiction over the subject-matter of such an action, the state, as might any other plaintiff, might maintain such an action in any county in the state, in so far as jurisdiction over the subject-matter is concerned." As to the matter of jurisdiction over the person, the court held that the venue was by the act placed in Travis county, a provision no doubt inserted for the benefit of the state, upon which the defendant might also insist, but that it was a right which the defendant might waive. It was also expressly held that—

"If no objection to the venue in such a cause be urged, the court would certainly have jurisdiction of the subject-matter of the suit and of the persons of such defendants as were served with process or appeared."

In substance, the holding of that case was that the Constitution, and not the statute, conferred jurisdiction of the subject-matter, and also of the person, if the defendant did not insist upon the venue prescribed by the statute, and that the latter could be waived whether the suit was for the recovery of land, or should be treated as an ordinary action involving over $500 in controversy.

In the case of Russell v. Railway Company, 68 Tex. 647, 5 S. W. 686, the suit was one by the railway company and others, brought in the district court of Marion county, to remove cloud from title to lands situated in Clay, Wilbarger, Baylor, and Dimmit coun-

ties. No part of the land was situated in Marion county, and one of the defendants filed a plea in abatement, urging that the suit should abate, because not brought in the county in which any part of the land was situated. This plea was held to have been waived, because answer to the merits had previously been made.

The eleventh subdivision of article 1198, Revised Statutes, now the fourteenth subdivision of article 1830, Vernon's Sayles' Ann. Civ. St. 1914, provides that—

"Suits for the recovery of lands, * * * suits to quiet the title to land, * * * must be brought in the county in which the land, or a part thereof, may lie."

Notwithstanding the peremptory language of this statute, the Supreme Court held that it was a mere provision for venue, and could be waived. The guardian of minor defendants in that case seasonably filed a plea of abatement, and the court held that the trial court erred in overruling such plea, and reversed the judgment, expressly holding, however, that the guardian might waive the matter in abatement, and have the controversy settled in the suit as brought.

In the case of Valdez v. Cohen, 23 Tex. Civ. App. 475, 56 S. W. 375, the Court of Civil Appeals for the Fourth District held that where a defendant was sued in the justice's court of another county than that in which he resided, and failed to appear and plead his privilege to be sued in his own county, a sale of land, under adverse judgment, would not be set aside on the ground that the court had no jurisdiction, since the defendant's failure to appear and claim his privilege was a waiver of the same. The court cited several decisions by the Supreme Court, including Masterson v. Ashcom, 54 Tex. 324, and quoted from the latter case as follows:

"There is a marked distinction between the question of a mere personal privilege to be sued in a precinct or county of residence, and which privilege may expressly or impliedly be waived, and that of jurisdiction proper, which cannot be conferred, even by express consent. The justice's court had jurisdiction over the subject-matter, and if Ashcom was served with process, this would have given the court jurisdiction over the person, even though the suit had been irregularly brought in a precinct or county other than that of his residence, if he failed to appear and plead in abatement his privilege to be sued elsewhere."

On motion for rehearing, the court held that the territorial jurisdiction of district courts, and of justice's courts as well, is coextensive with the state, and although suits are required to be brought against parties in the counties of their domicile, and suits for the recovery of lands where the same or a part thereof are situated, yet these provisions confer a mere personal privilege, which may be lost by a failure to claim it, citing De Le Vega v. League, 64 Tex. 205; Watson v. Bak-

er, 67 Tex. 48, 2 S. W. 375; Bonner v. Hearne, 75 Tex. 243, 12 S. W. 38; Moody v. Bank, 51 S. W. 523; Fairbanks v. Blum, 2 Tex. Civ. App. 479, 21 S. W. 1009. A writ of error was denied by the Supreme Court.

In Bonner v. Hearne, 75 Tex. 243, 12 S. W. 38, it appeared that the district court of Anderson county had appointed appellee as receiver of a railway company, which had its principal office in Anderson county. The appellants had previously been appointed receivers, under the orders of the district court of Smith county. The controversy was over the possession of the railway property by the respective receivers, and the trial court concluded that the district court of Smith county had no jurisdiction to make the appointment of receivers as attempted, and that its orders were void. This holding was made by virtue of an act, which read as follows:

"If the property sought to be placed in the hands of a receiver is a corporation whose property lies within this state, or partly within this state, then the action to have a receiver appointed shall be brought in this state in the county where the principal office of said corporation is located." Acts 1887, c. 131, § 13.

The railway company was such a corporation, and its office was established in Anderson county, as found by the trial court. Despite the peremptory character of the language employed in this statute, the Supreme Court held that the action to appoint the receiver was properly brought in Smith county, away from the domicile of the corporation. This statute was held to have been intended by the Legislature to confer only a privilege upon the defendant which might be waived. The court declined to pass upon the question as to the power of the Legislature to take away the jurisdiction of district courts, other than those of the county in which corporations have their principal office, in the appointment of receivers.

In State v. Patterson, 40 S. W. 224, this court held that the district court of one county has jurisdiction to render judgment, in an action of trespass to try title to land in another county in which the defendant resides, where the defendant does not by proper pleadings assert his privilege to be sued only in the county of his residence. In the course of the opinion, Chief Justice Fisher used this pertinent language:

"The statutes that regulate the venue of actions for the recovery of land are not jurisdictional, in the sense that no other court but that of the county in which the land was situated would have jurisdiction; but these statutes, as well as the other provisions of the law relating to the place where suits may be instituted, have been held to be simply a matter of venue, and not of jurisdiction, and they confer simply upon the defendant the privilege of having the suit brought in the county pointed out by the law, and this privilege is personal to the defendant,

219 S.W.—15

and may be waived"—citing numerous decisions by the Supreme Court.

In Kieschnick v. Marfin, 208 S. W. 948, this court held that while the seventeenth subdivision of article 1830, the general venue article of our statute, expressly provides that a suit to enjoin the execution of a judgment "shall be brought in the county in which such judgment was rendered," the statute merely provided a matter of personal privilege which could be waived. The suit was brought in Milam county to enjoin the execution of a judgment recovered in Crockett county, and we held that, notwithstanding the mandatory language of the statute, an answer to the merits waived the privilege of the defendants to have the suit brought in the county where the judgment was rendered. It is true that the Supreme Court granted a writ of error in this case, but the memorandum on the application docket indicates that the writ was granted only because the Supreme Court was inclined to think one of the defendants had not waived the privilege.

Many other cases might be cited, considering other statutes prescribing in mandatory terms that suit shall be brought at a particular place, including several of the exceptions to article 1830, the general venue article, which requires suits to be brought against persons in the county of their residence, except where otherwise specially provided; all to the effect that these statutes merely regulate the venue, and confer a personal privilege, which may be waived. It would unduly prolong this opinion to cite or review such cases, but it suffices to say that these holdings were made as to statutes just as peremptory in the language employed as the statute under consideration. Under the settled rule of decision in this state, we see no escape from the conclusion that the Legislature did not intend, by the statute we are discussing, to limit the right to bring a suit to set aside an award of the Industrial Accident Board to the courts of the county in which the accident occurred, but that its purpose was to confer the privilege upon the defendant in the action to require the suit to be there brought, which might be waived. By the terms of the statute, it was undoubtedly also the privilege of the plaintiff to bring the suit in such county, but we have no doubt that the parties, by consent, may waive this privilege, and try the case in the county of the defendant's residence where the suit was brought, notwithstanding the facts show the injury occurred in another county. Our conclusion is strengthened by the section in pari materia with section 5. In section 5a, where the award is against the association, and it refuses to continue the weekly or monthly payments, the claimant may institute a suit either in the county where the accident occurred, or where one or more of the claimants reside at the time the suit is brought. Cer-

tainly this provision was not intended to deprive the courts of other counties of their constitutional jurisdiction over the subject-matter, or of the person, where the claimant should see fit to bring suit in one of such other counties, and the defendant does not claim the privilege of having the suit brought at the place provided by the statute. In other words, under this provision, if the claimant should see fit to sue the insurer at its domicile or place of residence, and the defendant consented to, or waived any objection to the venue, the courts would not be without jurisdiction to try the cause and render judgment binding on both parties. If this be true, we think it follows that it would likewise be the case under the preceding section, where the suit was to set aside the award of the board. No difference in principle is perceived between the two provisions of the statute; they both relating to a mere matter of venue.

It may be claimed that the decisions, construing statutes prescribing the place for the bringing of land suits, are not in point, because the Constitution specifically provides that the district court shall have original jurisdiction of all suits for the trial of title to land. This suggestion is answered by the fact that the Constitution also vests the district courts with jurisdiction of all suits where the matter in controversy amounts to $500, exclusive of interest. The latter provision is found in the same section of the Constitution as the other, and is of equal dignity with it. They are equally effective in fixing jurisdiction of the subject-matter, and are equally specific, according to the character of actions to which they relate. If there is any apparent difference, it consists only in that the standard for prescribing jurisdiction in the one instance is the particular character of action, and in the other the amount in controversy. This question was substantially passed upon by the Supreme Court in State v. Snyder, supra, to which point we have referred in the previous review of that holding, and it is not thought necessary to further discuss it.

Our statutes provide that when a plea of privilege is sustained, the cause shall not be dismissed, but the court shall order the venue to be changed to the court of the county having jurisdiction of the persons and the cause; and the views above indicated lead to a reversal of the case, and the cause will be remanded for further proceedings consistent with this opinion, with the right on the part of Mrs. Lowry, the appellee, to have the case tried in Brown county, where the appellant elected to bring it, being the county of her residence, or to have the cause transferred to Coke county, where the accident occurred. Her plea in abatement was seasonably filed, and raised the question of proper venue of the suit, which could not have been presented by exception, because of the averments of the petition; and in substance preserved her right to have the cause transferred to the proper county, in case she desires to insist upon that privilege.

Reversed and remanded.

JENKINS, J. (dissenting). The decision of the majority of this court rests upon the assumption that the Constitution conferred original jurisdiction upon the district court of Brown county to try this cause, and that the venue in Coke county, as fixed by the act under which this proceeding was brought, was a mere personal privilege, which appellee might waive. I cannot accede to either of these propositions.

The clause of the Constitution relied upon is that which declares that district courts shall have original jurisdiction "of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars, exclusive of interest." Article 5, § 8.

Is this proceeding an original suit? If not, this constitutional provision has no application. The words, "suits, complaints, and pleas," as here used, are synonymous, and this proceeding is neither. Williamson v. Lane, 52 Tex. 344; Gibson v. Templeton, 62 Tex. 556, 557.

A suit involves the idea of a proceeding in a court wherein one party seeks to recover from another something alleged to be illegally withheld, or to prevent some threatened invasion of his right by such other party. Ex parte Towles, 48 Tex. 433. No such allegation is made by the appellant in the instant case. It does not claim that appellee owes it anything, or is threatening to commit any tort against it.

This is not an original suit. It is in substance and effect an appeal. An "appeal" is the removal of a cause from the sentence of an inferior judge, or, as Blackstone expresses it, "a complaint to a superior court of injustice done by an inferior one." Republic v. Smith, Dallam, Dig. 409; Magee v. Chadoin, 44 Tex. 493.

"To 'institute a suit' * * * means 'to begin; to commence; to set in operation.' If the remedy intended were by * * * appeal, it would not be the institution of a suit." Franks v. Chapman, 61 Tex. 581.

An attempt to vacate a judgment is in effect an appeal. Crawford v. McDonald, 88 Tex. 630, 33 S. W. 325.

It is true that the Workmen's Compensation Act calls this proceeding a "suit." But a suit for what purpose? To "set aside" the decision of the board. Appellant's petition states that it is brought to "set aside" such decision. It has all of the elements of an appeal, and none of an original suit. If the object of the suit is to set aside a judgment rendered in another tribunal, it is an appeal, "without regard to the particular mode by

which a cause is transmitted from one tribunal to another." Magee v. Chadoin, supra.

It is none the less an appeal because it is instituted by petition. So is every appeal upon a writ of error or certiorari. It is immaterial that it seeks a trial de novo. All appeals to a district court are tried de novo (R. S. art. 3638), as are all appeals from a justice to a county court (R. S. arts. 733, 1950), and from decisions of the board of water engineers (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4996m to 4996q, inclusive). It matters not that it may be called a suit; if it seeks redress in a superior court for an injury done in an inferior tribunal, it is an appeal. This is not an original suit in a district court, for the reason that it did not originate in a district court. It is an appeal for the reason that it seeks to set aside the action of an inferior tribunal.

Does the Constitution of this state confer appellate jurisdiction of this cause on the district court of Brown county? It does not. With the exception of certain enumerated cases, which do not include this case, district courts have only such appellate jurisdiction as may be conferred by law. Const. art. 5, § 8.

Does the act here under consideration confer appellate jurisdiction on all district courts? It might have done so, but it did not. By plain and unmistakable language, it confers such jurisdiction only on courts "in the county where the injury occurred." The court in such county to be determined by the amount in controversy.

In State v. Snyder, 66 Tex. 687, 694, 18 S. W. 106, 107, Mr. Justice Stayton, speaking for the court, said:

"It is urged here, as it doubtless was in the court below, that the act of April 14, 1883, alone gave jurisdiction to the district court to hear and determine this class of cases. If this were true, it is evident that the district court for Mitchell county had no jurisdiction of this cause at the time this action was instituted, for the act declares: 'That in all cases where twenty-five sections or more of land, in excess of the seven sections authorized by law to be purchased by or for the benefit of any one person, or corporation, * * * suits for the recovery thereof shall be brought in the district court of Travis county.'"

Such was the nature of that suit; but Judge Stayton points out that the contention was not sound, for the reason the suit was a common-law action for the trial of title to land, and for the recovery of rents and damages in excess of $500, original jurisdiction of which was conferred by the Constitution on all district courts in the state. That the right of the state to bring such suit in a district court existed prior to and independent of the act of April 14, 1883 (Laws 1883, p. 108), and that said act added nothing except to fix the venue in Travis county, which it was held was waived by the defendant by not

seasonably objecting to the case being tried in Mitchell county.

If this principle of law be applied to the facts of the instant case, it will be "evident" that the district court of Brown county had neither original nor appellate jurisdiction of this case.

This was not a common-law action. On the contrary, the act giving the right of action herein deprived employés of their common-law right to recover from their employers for injuries occasioned by the negligence of such employers, and permitted recovery against one in no sense responsible for such injury. It deprived the injured party of compensatory damages, and arbitrarily fixed such damages, both in the proceeding before the board and before the court, where suit was brought to set aside the decision of the board. The board is a tribunal unknown to the Constitution. Whatever authority it has is given alone by the statute. The act expressly declares "the rights and liability of the parties thereto shall be determined by the provisions of this act." Whatever authority any court has to review or set aside the decision of the board, whether the same be called an appeal or an original suit, is given alone by the statute, and not in any wise by the Constitution. Such being the case, it is "evident," as said by Judge Stayton in State v. Snyder, supra, that the suit to set aside the proceedings of the board must be brought in the court designated by the statute. The court so designated is not any court having jurisdiction of the amount in controversy, but such a court in the county where the injury occurred.

The Employers' Liability Act, which created a special tribunal, might have denied the right to have its proceedings reviewed in any court. Williamson v. Lane, 52 Tex. 344; Ex parte Towles, 48 Tex. 444; Tadlock v. Committee, 21 Tex. 166; Baker v. Chisholm, 3 Tex. 157. I am not now considering whether or not the act, under such circumstances, would have been unconstitutional. Parties may ignore an unconstitutional act, but if they claim any right under it they must proceed according to its terms. Ex parte Cosner, 4 Tex. App. 90.

The district court, proceeding under the provisions of this act, is a special tribunal. When a court of general jurisdiction has powers conferred upon it by a statute, which it does not otherwise possess, it is to be treated as a special tribunal. Holmes v. Buckner, 67 Tex. 109, 2 S. W. 452; Galpin v. Page, 85 U. S. (18 Wall.) 350, 21 L. Ed. 964; Calverley v. Shank, 28 Tex. Civ. App. 473, 67 S. W. 435; Ex parte Towles, 48 Tex. 444; 7 R. C. L. 1033; Furgeson v. Jones, 17 Or. 204, 20 Pac. 842, 3 L. R. A. 620, 11 Am. St. Rep. 808; Morse v. Presby, 25 N. H. 302; 7 R. C. L. 1032.

In Galpin v. Page, supra, the court, quot-

ing the Supreme Court of New Hampshire, said:

"A court of general jurisdiction * * * may have special and summary powers, wholly derived from statutes, not exercised according to the course of the common law, and which do not belong to it as a court of general jurisdiction. In such cases, its decisions must be regarded and treated like those of limited and special jurisdiction."

The court further said:

"The extent of the special jurisdiction and the conditions of its exercise over subjects or persons necessarily depend upon the terms in which the jurisdiction is granted, and not upon the rank of the court upon which it is conferred."

The terms in which jurisdiction is "granted," by the act here under consideration, is that the court trying the same must be a court in the county where the injury occurred. Calverley v. Shank, supra, is directly in point. That was a contested election case. The statute provided that—

"Contested elections for any county office shall be tried by the district court in the county where the election was held."

The election was held in Glasscock county. The case was transferred, by consent of parties, to Howard county. It was held that the district court of Howard county had no jurisdiction to try the case.

For this additional reason, I think the judgment of the district court should be affirmed: The right to proceed as against the person of a defendant is as much a question of jurisdiction as is the right to·adjudicate as to the subject-matter. Womack v. Shelton, 31 Tex. 594. The only difference is that the one may be waived and the other cannot. A familiar illustration of this is where judgment has been rendered against a defendant, who has not been cited, and who has not voluntarily appeared. Such fact appearing from the record, the judgment is void for want of jurisdiction. In every case in the books, prior to the adoption of Act of 1907, p. 248, where suit was brought in any court at a place different from where the statute fixed the venue of the same, and seasonable objection was made to the venue, the case was dismissed for want of jurisdiction. The following cases are sufficient to illustrate this principal: McKay v. Bank, 16 Tex. Civ.

App. 632, 42 S. W. 871; Railway Co. v. Foster, 44 S. W. 198; Railway Co. v. Jenkins, 29 S. W. 1113. The appellee herein seasonably filed her objection to the· venue in Brown county.

It cannot be contradicted that, but for the statute of 1907, supra, in reference to change of venue, the only judgment which the district court of Brown county could have rendered was that which it did render, namely, dismissing the case for want of jurisdiction. The law upon this subject is as it was before the passage of that act in all cases to which that act does not apply. Does it apply to the instant case? I think not, for the reasons:

(1) It applies only to original suits and not to appeals. If a case tried in the district court of Bexar county should be appealed to this court, we would not transfer the case to the Court of Civil Appeals at San Antonio, but we would dismiss the appeal for want of jurisdiction.

(2) It applies only to cases of which the court in which the case is filed has original jurisdiction of the subject-matter. If a suit of trespass to try title was filed in a county court, such court would not, under authority of this statute, transfer the case to the district court, but would dismiss the same for want of jurisdiction. There would be no suit to transfer. "The filing of a petition in a court having no jurisdiction, is not * * * the bringing of a suit." State v. Snyder, 66 Tex. 694, 18 S. W. 107.

I have attempted to show in a previous part of this opinion that the district court of Brown county had no jurisdiction of the subject-matter of this suit, which was to set aside the decision of the Accident Industrial Board, and try the case de novo under the provisions of that act, for the reason that no such jurisdiction was conferred on said court by either the Constitution or the statute.

(3) It applies only in cases where the defendant files "a plea of privilege to be sued in the county of his residence." No such plea was filed in this case. The suit was brought in the county of the defendant's residence.

Believing as I do that for each and all of the reasons stated, the judgment of the district court, dismissing this cause for want of jurisdiction, should be affirmed, I respectfully dissent from the majority decision herein.