OILMEN'S RECIPROCAL ASSOCIATION V. J. C. FRANKLIN.

No. 4528.   Decided June 16, 1926.
(286 S. W., 195).

1.—Workmen's Compensation Law—Suit to Set Aside Award—Jurisdiction—Venue.

In a proceeding by an employe to recover under the Workmen's Compensation Law for personal injuries against a subscribing employer, the latter gave notice of its refusal to abide by the award of damages made by the Board and within twenty days brought its action to set same aside; but did so in H. county, and not in M. county, in which the injury occurred. (Act of March 28, 1917. Laws Thirty-fifth Leg., Chap. 103, Part 2, Sec. 5, p. 283; Rev. Stats., 1925. Art. 8307 Sec. 5.)   The employe plead in abatement and bar of the action the failure to sue to annul the award in M. county where the injury was received, as required by the statute.   On this plea the court directed a change of venue to M. county.   There the action was consolidated with one there brought by the employe to enforce the award of the Board. and on the trial the recovery awarded was reduced in amount.   *Held:*   (Pp. 62, 64, 65).

(1)   The requirement that suit to set aside an award of the Board must be brought in the county where the injury occurred is jurisdictional, and not merely one of venue.

(2)   The District Court of H. county erred in transferring the action to M. county, instead of dismissing it on the plea of the employe.

(3)   The District Court of M. county acquired no jurisdiction over the action to set aside the award by such transfer from H. county.

(4)   The District Court of M. county erred in not dismissing the action to set aside the award on the plea of the employe.

2.—Same.

The Workmen's Compensation Law created new rights and remedies for the classes coming under and accepting its provisions, and did away with old ones.   These came into existence by force of the statute and the remedies it provided were exclusive—time and place defined with equal precision—and were not cumulative of existing ones.   (Pp. 62, 63).

3.—Case Disapproved.

The ruling by majority of the court in United States Fid. & Guar. Co. v. Lowry, 219 S. W., 222, is disapproved.   (P. 64).

Questions certified from the Court of Civil Appeals for the Sixth District, in an appeal from Marion County.

The Supreme Court, having referred the question to the Commission of Appeals, Section A, for its opinion thereon, here adopt same and direct that it be certified as the answer of the court.

*Bibb & Caven* for appellant, Oilmen's Reciprocal Association.

The Oilmen's Reciprocal Association having filed its suit to set aside the award of the Industrial Accident Board as provided for

by the Workmen's Compensation Law of the State of Texas, J. C. Franklin had no legal right to maintain his suit to enforce the award of the Industrial Accident Board under the provisions of the Workmen's Compensation Law of the State of Texas. Complete Texas Statutes, 1920, Art. 5246, Subd. 44, Part 2, Workmen's Compensation Act; Complete Texas Statutes, 1920, Art. 5246, Subd. 45, Part 2, Workmen's Compensation Act; U. S. Fid. & Guar. Co. of Baltimore v. Lowry, 219 S. W., 222; Kieschnick v. Martin, 208 S. W., 948; Valdez v. Cohen, 56 S. W., 375; De le Vega v. League, 64 Texas, 205; Watson v. Baker, 67 Texas, 48; Southern Surety Co. v. Nelson, 229 S. W., 1113; Bonner v. Hearne, 75 Texas, 242; Ga. Casualty Co. v. McClure, 239 S. W., 644.

The territorial jurisdiction of the District Courts of the State of Texas is co-extensive with the limits of the State, and the District Court of Harrison County has all the jurisdiction that the District Court of Marion County, Texas, has, and all District Courts have this same jurisdiction; and in Texas it was not the policy of the framers of our Constitution, and is not the policy of our State to fix any territorial limits upon the jurisdiction of our courts, and it is the policy of our State, when legislation is enacted fixing the place of the trial, to construe such provision as relating to venue and not to jurisdiction. De le Vega v. League, 64 Texas, 205; State v. Snyder, 66 Texas, 687, 18 S. W., 106; Russell v. Railway Co., 68 Texas, 647, 5 S. W., 686; Watson v. Baker, 67 Texas, 48, 2 S. W., 375; Bonner v. Hearne, 75 Texas, 243, 12 S. W., 38; Sec. 8, Art. 5, Texas Constitution; Valdez v. Cohen, 56 S. W., 375.

The jurisdiction of our courts, especially of our District Courts, is derived from the Constitution of our State, and constitutes authority or power granted to the courts by the Constitution and not by the Legislature. (Sec. 8, Art. 5, Texas Constitution.)

*Jones, Jones & Buck* for appellee, J. C. Franklin.

Art. 5246-44, Workman's Compensation Law, Complete Texas Statutes, 1920, insofar as it provides that "Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall * * * bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision * * *," relates exclusively to jurisdiction and precludes the bringing of such suit in any county other than the county where the injury occurred. Texas Empl. Assn. v. Roach, 222 S. W., 161; Employ-

ers' Indem. Corp. v. Woods, 243 S. W., 1087; Harris v. Texas
Empl. Assn., 257 S. W., 1001; Millers' Indem. Underwriters v.
Hayes, 240 S. W., 904; Employers' Indem. Corp. v. Fetter, 264
S. W., 139; Gordon v. Rhodes & Daniels, 104 S. W., 786.

Judgment should have been entered for J. C. Franklin sustaining the decision of the Industrial Accident Board and allowing
12 per cent damages thereon and allowing to J. C. Franklin
$750 as attorneys' fees.

MR. JUDGE NICKELS delivered the opinion of the Commission
of Appeals, Section A.

An award of compensation for an injury which occurred in
Marion County was made to J. C. Franklin by the Industrial
Accident Board on September 15, 1924, in accordance with the
terms of the Workmen's Compensation Law as amended in Chap.
103, Act of March 28, 1917 (Vernon's Texas Civ. & Crim. Stats.,
1918 Supplement). Oilmen's Reciprocal Association, the insurer, within twenty days thereafter gave notice (as required
in Par. 5, Part 2, of the Act) to Franklin and to the Board that
it would "not abide by said final ruling and decision." Within
twenty days "after giving such notice," and on October 21, 1924,
the Association filed suit (returnable to the November, 1924,
term) against Franklin to set aside the award, but the suit
was filed in the District Court of Harrison County. In due
course, and on November 1, 1924, Franklin filed his plea in
abatement and bar insisting that the matter was not justiciable
at all, and especially not in Harrison County, because the injury
occurred in Marion County, and this suit, or any other of like
purpose, had not been filed in the District Court of that county
within twenty days after giving of the notice, or at any time,
as required by the Act. To this plea the Association answered
that "if the defendant is entitled to any relief" he is not entitled
to abatement, etc., but only to a transfer of the case to Marion
County "as upon a plea of privilege" of venue. Upon hearing,
November 4, 1924, the court treated the matter as being one of
venue merely and ordered the case transferred to the District
Court of Marion County. After the transfer Franklin renewed
his plea and it was again overruled. His exceptions, in each
instance, are duly preserved.

In the meantime, on October 31, 1924, Franklin brought suit
in the District Court of Marion County against the Association
to enforce the award, alleging failure and refusal to pay or to
bring suit, as required by the Act, "in the county where the
injury occurred to set aside the award."

Subsequent to the overruling of the plea in abatement, in the case first mentioned, the suits were consolidated. The result of a trial was a judgment reducing the amount of compensation but enforcing the award otherwise. All parties appealed. The case is now pending in the Court of Civil Appeals, Sixth District, and that court has certified these questions:

"Article 8307, Sec. 5, Revised Statutes of 1925, of the Workmen's Compensation Act, authorizes suits to set aside awards of the Industrial Accident Board to be brought 'in some court of competent jurisdiction in the county where the injury occurred,' within the time specified.

"*Question 1.* Is the requirement that a suit to set aside awards be brought in a court in the county where the injury occurred a matter of venue only, relating to the place of bringing the suit; or of jurisdiction, the power and authority conferred upon a particular judicial tribunal to rehear and finally determine the case? * * *.

"*Question 2.* Did the District Court of Harrison County err in transferring the case to Marion County instead of dismissing the same on the plea of J. C. Franklin?

"*Question 3.* Did the District Court of Marion County acquire jurisdiction over the case of Oilmen's Reciprocal Association in virtue of the order of transfer made by the District Court of Harrison County?

"*Question 4.* Did the District Court of Marion County err in not dismissing the suit of the Oilmen's Reciprocal Association on the plea of J. C. Franklin?"

The excerpt quoted as from Art. 8307, R. S. 1925, is the language employed in the Act of 1917 in force when the litigation arose and when the cases were tried. It is not the language used in the revision of 1925, but the matter is governed by the earlier statute and the conclusions to be expressed relate to that statute without reference to any change of meaning, if any, imputed by the modified language of the revision.

The legislation in question marks off and occupies a field of special regulation. The Legislature purposed a very material change of rights and remedies available to employers and employes of the classes dealt with. Substantially, with the consent of those to be affected, pre-existent bases of rights were destroyed and old remedies were made unavailable. In their stead, new conditions were prescribed under which rights would accrue and hitherto unheard of remedies for the enforcement of those rights were named, as generally explained in Middleton v.

Texas Power & Light Co., 108 Texas, 96, 185 S. W., 556.   In becoming a "subscriber" under the law, the employer claims its benefits and thereby voluntarily yields rights which he might otherwise have in substitution for those there prescribed, and by entering or remaining in the service of an employer who has thus become a "subscriber" the employe voluntarily effects a comparable change of position.   As to a person, etc., who may become an "insurer," the statute itself, of course, is the source of all rights claimable, and the subjection of those rights to the remedies prescribed rests entirely in volition.   As between the three persons affected in any case new rights, new duties and appropriate new remedies come into existence by operation of the law.   There is, therefore, no basis for application of the rule under which it is thought the new remedy is but cumulative where the right itself was previously justiciable and there is no express destruction of the pre-existent remedy.   See 1 Cyc., p. 709.   "It is in the general true that if an affirmative statute which is introductive of a new law direct a thing to be done in a certain manner, that thing shall not, even though there are no negative words, be done in any other manner."   Bac. Abbr.   And, in our opinion, that rule is applicable so as to make the remedy here prescribed by the statute exclusive.

The language in which the remedy is described is that "any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty days after the rendition of said final ruling and decision by said Board give notice to the adverse party and to the Board that he will not abide by said final ruling and decision.   And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decisions," etc. (Art. 5246-44, Vernon's Texas Civ. & Crim. Stat., 1918 Supplement.)

The authority for bringing the suit is conditioned upon its being filed within a certain twenty-day period and in a court of a certain locus.   The time within which the suit is to be brought is not defined with more precision than is the place where it is to be brought.   There can be no more warrant for allowing the suit where the latter condition is not performed than there is where the other condition is not performed.   In our opinion, performance of neither condition may be omitted. For opinions containing expressions more or less in point, see: Harris v. Emp. Ins. Assn., Texas Civ. App., 257 S. W., 1001; Employers' Ind. Co. v. Felter, Texas Civ. App., 264 S. W., 139;

Miller's Ind. Underwriters v. Hays, Texas Comm. App., 240 S. W., 904; United States Fid. & Guar. Co. v. Lowry, Texas Civ. App., 219 S. W., 222, dissenting opinion.

The question here is that which divided the court in United States Fid. & Guar. Co. v. Lowry, supra. The decision of the majority in that case rests, primarily, upon the idea that a general illimitable jurisdiction over cases of this class is given to all District Courts by that clause of Sec. 8, Art. 5, of the Constitution wherein it is provided, "the District Courts shall have original jurisdiction * * * of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars, exclusive of interest."

Upon the point it is said: "This jurisdiction is general in the District Courts, and is co-extensive with the limits of the State. Under the Constitution, then, before this statute provided the right to bring suit to set aside an award of the Industrial Accident Board, the potential jurisdiction of every District Court in the State existed over the subject-matter."

It seems to us, however, that prior to enactment of the statute the "subject-matter" of a suit of this kind could not exist. It can arise and become litigable, as shown, only under and because of the terms of the statute. The suit would not have been cognizable under common law or any pre-existent statute, for neither the cause of action itself nor the remedy could exist. Hence, we think, such jurisdiction as exists in a District Court at all is there solely because of the statute and its vesting is authorized by the last clause of Sec. 8, Art. 5, whereby a District Court is warranted to exercise "such other jurisdiction, original and appellate, as may be provided by law." General jurisdiction as to all District Courts had been adequately provided for in earlier portions of Sec. 8, and the object of the last clause must have been the authorization of special and restricted powers of which those given by this statute are examples.

In noting our disagreement with the majority opinion in U. S. Fid. & Guar. Co. v. Lowry, we do not wish to be understood as agreeing with the bases of dissent there expressed. Whether a suit of this kind amounts to an appeal is a question not before us, and in respect to it we do not state or imply a conclusion.

We recommend the following answers to the questions certified:

No. 1: "It is not a matter of venue, but it is one of jurisdiction."

No. 2: "Yes."

No. 3:   "No."
No. 4:   "Yes."

### ON MOTION FOR REHEARING.

We have carefully considered all matter contained in the motion for rehearing filed in behalf of appellant. Counsel have presented the important question of jurisdiction involved in an able manner, but, it seems to us, the fact that the subject-matter of a suit of this character as well as any remedy in respect thereto were wholly alien to the common law or any pre-existent statute or any substantive provision of the Constitution makes up the distinction which renders the authorities cited contra (which, in the main, are those cited in the majority opinion in U. S. Fid. & Guar. Co. v. Lowry, Texas Civ. App. 219 S. W., 139) inapplicable. The motion advances nothing which was omitted in the first consideration, and upon re-examination of the matter we are confirmed in our original opinion.

We recommend that the motion be overruled.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.