## ASSOCIATED INDEMNITY CORPORATION v. TORBETT et al.
### No. 3046.

Court of Civil Appeals of Texas. El Paso.
June 21, 1934.

Leachman & Gardere, of Dallas, for appellant.

Bartlett, Carter & Rice and Ben H. Rice, Jr., all of Marlin, for appellees.

HIGGINS, Justice.

The appellant brought this suit in the county court at law of Dallas county, against J. W. Torbett and others, to set aside an award of the Industrial Accident Board. Certain of the defendants filed plea in abatement setting up that the injury upon which the award was based occurred in Robertson county, Tex., and asked that the suit be abated, or transferred to said county.

Upon hearing the plea was sustained and the cause ordered transferred to Robertson county. From such order this appeal is prosecuted.

In the absence of statutory authority to the contrary, appeals lie only from final judgments. An interlocutory order sustaining or overruling a plea of privilege presented under the venue statute is appealable by virtue of special statutory provision. Article 2008, R. S.

The question presented by the plea in abatement in this case is not a matter of venue but of jurisdiction. Mingus, Receiver, v. Wadley, 115 Tex. 551, 285 S. W. 1084; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195.

The order from which the appeal in this case is prosecuted is not final but interlocutory. No appeal from such order will lie.

The appeal is dismissed.