## BIRDWELL v. INDEMNITY INS. CO. OF NORTH AMERICA.

No. 871.

District Court, S. D. Texas, Houston Division.

Feb. 2, 1943.

Allen, Helm & Jacobs, of Houston, Tex. (J. Edwin Smith, of Houston, Tex.), for plaintiff.

Baker, Botts, Andrews & Wharton, of Houston, Tex. (Albert Jones, of Houston, Tex.), for defendant.

KENNERLY, District Judge.

This is a suit by plaintiff against defendant under the Texas Workmen's Compensation Law, and Amendments, Articles 8306 to 8309, Vernon's Annotated Civil Statutes of Texas. The basis of plaintiff's claim as shown by his complaint is an alleged accidental injury in Brazoria County, Texas, on or about April 16, 1942. Brazoria County is in the Galveston Division of this Court, and this suit was filed

September 29, 1942, by plaintiff in this, the Houston Division. Defendant claiming that this suit must be brought in the Galveston Division and that this Court is without jurisdiction, has moved to dismiss it.[1]

The injury having, according to plaintiff's complaint, occurred in Brazoria County, this action may, under such Compensation Law, be prosecuted either in the proper (State) Court of that County or in the Galveston Division of this Court. Article 8307, Section 5, of Vernon's Annotated Civil Statutes of Texas. Oilmen's Reciprocal Association v. Franklin, 116 Tex. 59, 286 S.W. 195, 196. Ellis v. Associated Industries Ins. Corp., 5 Cir., 24 F.2d 809, and cases there cited.[2] Prior to the 1931 Amendment of the Compensation Law, the Texas Courts held that suits of this kind brought in the State Court could be lawfully filed only in the County where the injury occurred, and if filed in any other County, should be dismissed for want of jurisdiction. Oilmen's Reciprocal Association v. Franklin, supra. But the 1931 Amendment (Article 8307a of such Statute) provides that:

"In the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the

---

[1] The wording of defendant's motion is as follows:

"The petition of plaintiff shows that it is based on a- claim for workmen's compensation benefits on account of an injury sustained by him in Brazoria County, Texas; that in accordance with the terms and provisions of Article 8307, Sec. 5, of the Revised Civil Statutes of the State of Texas, a proceeding to set aside an award of the Industrial Accident Board must be filed in a court of competent jurisdiction for the county in which the injury was sustained; that the Supreme Court of Texas has construed the requirement concerning the filing of an appeal from an award of the Industrial Accident Board to be jurisdictional and mandatory; that Brazoria County is located within the territorial limits of the Galveston Division of the United States District Courts for the Southern Judicial District of Texas and is not within the territorial limits of the Houston Division of said Court; that this action having been brought in the Houston Division is not brought in a court of competent jurisdiction for Brazoria County, State of Texas; that by reason of the fact that the rights and remedies provided by the Workmen's Compensation Law of Texas are in derogation of the Common Law and are purely statutory in nature, the jurisdictional procedure laid down therein must be followed and the matter of filing suit does not present a question of venue but one of jurisdiction; that the Galveston Division of the United States District Court for the Southern Judicial District of Texas is created by an act of Congress and suits to set aside awards of the Industrial Accident Board based on injuries sustained in Brazoria County must be filed in the Galveston Division of said Court and in no other division; that this cause, having been docketed in the Houston Division, is not properly before this Court for determination and this Court has no jurisdiction to proceed with the trial of this cause; and that by reason of all of the above and foregoing there is a clear want of jurisdiction in this cause and the same should be dismissed."

[2] In plaintiff's complaint, he alleges that he is a citizen- of Harris County, Texas, and that defendant is a corporation incorporated under the Laws of Pennsylvania, and that the matter in controversy exceeds $3,000, etc. Also that defendant is operating and doing business within the State of Texas under a permit granted by the State of Texas, and that defendant has named the Chairman of the Board of Insurance Commissioners of Texas as its agent for service within Texas. Process in the case was served on such Chairman. There is nothing to show why the suit was filed at the Houston Division instead of the Galveston Division, and defendant's only complaint that it was so filed is as stated and based on such Compensation Law. There are, therefore, no questions raised or to be decided as to the jurisdiction and venue of the Court at the Houston Division other than those raised under the Compensation Law, and it is not necessary to consider a number of cases which may or may not support jurisdiction and venue at the Houston Division. Neirbo v. Bethlehem Corporation, 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Oklahoma Packing Co. v. Oklahoma Gas Co., 309 U.S. 4, 6, 60 S.Ct. 215, 84 L.Ed. 537. Beard v. Continental Oil Co., D.C., 42 F.Supp. 310. United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453. Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171. Esteves v. Lykes Bros. S. S. Co., 5 Cir., 74 F. 2d 364.

case to the proper Court in the county where the injury occurred."

It also provides: "That notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made shall be considered for all purposes, the same as if originally filed in said court."

It will, therefore, be observed that the Compensation Law has been greatly liberalized with respect to the filing of such suits.

■ I think, therefore, that insofar as the filing of such suits under the Compensation Law is concerned, the Division of the Judicial District in which the injury occurred is the unit in the United States Courts just as the County is the unit in the State Courts, and that the United States Courts should recognize the liberal policy now prescribed by the Compensation Law with respect thereto, and where the suit is filed in a Judicial District where the injury occurred, but in a Division other than where the injury occurred, such suit should not be dismissed, but should be transferred to the Division where the injury occurred.

Defendant's motion to dismiss is, therefore, denied, but an order will enter, transferring this case to the Galveston Division, unless the parties shall otherwise stipulate.