## CASTELLANO v. INDEMNITY INS. CO. OF NORTH AMERICA.

### Civ. No. 1049.

District Court, S. D. Texas, Houston Division.

Dec. 6, 1943.

Burris & Benton and Evan W. Burris, all of Houston, Tex., for plaintiff.

Baker, Botts, Andrews & Wharton and Jas. W. Mehaffy, all of Houston, Tex., for defendant.

KENNERLY, District Judge.

1. This is a suit by plaintiff, an employee, against defendant, an insurer, under the Texas Workmen's Compensation Law and Amendments (Articles 8306 to 8309, Vernon's Annotated Civil Statutes of Texas) for compensation for an alleged injury claimed to have been sustained in Brazoria County, Texas, on or about November 18, 1942. Defendant has moved to dismiss because Brazoria County is in the Galveston Division of this court, and defendant says that the filing of this suit in this, the Houston Division, does not comply with the Texas statutes [1] and the decisions of Texas courts [2] construing same and does not confer jurisdiction of the subject matter on this court.

In a substantially identical case, this court, following Article 8307a of the Texas statutes, has held to the contrary. Birdwell v. Indemnity Insurance Co., D.C., 48 F.Supp. 950, 951. Any doubt about the correctness of such holding has been eliminated by a recent decision of the Supreme Court of Texas. Federal Underwriters Exchange v. Pugh, Tex.Sup., 174 S.W.2d 598. It is clear that defendant's motion to dismiss should be denied.

2. In the Birdwell case, it was held that although there was jurisdiction of the subject matter at the Houston Division, the case should, under Article 8307a, be transferred to the Galveston Division in which the alleged injury occurred. Plaintiff here cites Sections 112 and 114, Title 28, U.S.C.A.; Federal Underwriters Exchange v. Pugh, supra; United Dredging Co. v. Lindberg, 5 Cir., 18 F.2d 453; Texas Pipe Line Co. v. Ware, 8 Cir., 15 F.2d 171; Esteves v. Lykes Bros. S. S. Co., 5 Cir., 74 F.2d 364, and other similar cases, and challenges that view.

The jurisdiction and venue in this case is fixed in this district under Section 112, it being alleged that plaintiff is a citizen and resident of this district and that defendant is a citizen of Pennsylvania. But neither jurisdiction nor venue is fixed in any particular division of this district. Section 112 does not prescribe the division in which the suit shall be brought, and Section 114 only prescribes that the suit shall

---

[1] Section 5 of Article 8307 and Article 8307a of Vernon's Annotated Civil Statutes of Texas.

[2] Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Oilmen's Reciprocal Ass'n v.

Franklin (Com.App., opinion adopted), 116 Tex. 59, 286 S.W. 195; Wilson v. Work, 122 Tex. 545, 62 S.W.2d 490; Federal Surety Co. v. Jetton, Tex.Com.App., 44 S. W.2d 923; Texas Employers' Ins. Ass'n v. Evans, 117 Tex. 113, 298 S.W. 516.

be brought in the division where the defendant resides. There is no statute fixing jurisdiction and venue of the suit in any particular division. The residence of plaintiff is alleged to be in the Houston Division, but the residence of defendant is not alleged other than that it is a citizen of the State of Pennsylvania. Neither is it alleged that defendant has an agent in this district or division.

Under these circumstances, I think this case should, on motion of defendant, be transferred to the Galveston Division, where the alleged injury occurred. Birdwell v. Indemnity Insurance Co., supra.

Defendant's motion to dismiss will be denied, but if defendant forthwith files (without prejudice to its rights under its motion to dismiss) a motion to transfer the case to the Galveston Division, it will be so transferred. Otherwise it will be tried in the Houston Division.